# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT TOWING, INC. dba WESTERN TOWING,<br><br>         Plaintiff,<br> vs.<br>ANDREW JACKSON MOORE,<br><br>         Defendant. | CASE NO. 08cv1437 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion to Remand to State Court (Doc. # 6) filed by Plaintiff Sunbelt Towing, Inc.

## **Background**

  On February 2, 2008, Plaintiff Sunbelt Towing, Inc. initiated this action by filing a "Claim and Order to Go to Small Claims Court" ("Complaint") (Doc. # 1). Plaintiff alleges that it is a towing company located in San Diego, CA, and that Defendant Andrew Moore is an individual located in Lemon Grove, CA. Plaintiff alleges that Defendant owes $2,499.00 in towing, storage and lien fees.

  On August 7, 2008, Defendant removed the action to this Court. *Notice of Removal,* p. 12. The Notice of Removal states that this Court has jurisdiction "[d]ue to the Original Jurisdiction Granted to Article III District Court of the United States, and the 7th Amendment mention any controversy over Twenty Dollar." *Notice of Removal,* p. 2. The Notice of Removal states:

|   |   |
|---|---|
| 1 | The grounds for removal are as follows: |
| 2 | Andrew Moore inclusive $20.00 Shall be Granted under the rules of the Common Law vs the Plaintiff Claim of Relief under special Maritime Extra-territory Jurisdictional Proceeding or some contract of Affreightment under gold Fringe Flag, for this reason the respondents in the above-entitled civil action Removal filed in the Superior Court of California, County of San Diego, Central Division Case No. 37-2008-00000586-SC-SC-CTL. |
| | In addition, the amount in controversy as to the claims of both parties exceeds $20.00. |

7 *Id.* Defendant attached the Complaint to the Notice of Removal, which alleges that Defendant
8 owes Plaintiff $2,499.00 in towing, storage and lien fees. *Id.* at 7.

9 On August 11, 2008, Defendant filed the "Motion for Summary Judgments and
10 Alternative Motion to Quash Summon/ Complaint Alternative Order to Show Cause why the
11 Complaint should not be Dismiss With Prejudice" ("Motion for Summary Judgment") (Doc.
12 # 3). On September 1, 2008, Plaintiff filed a response in opposition to the Motion for
13 Summary Judgment (Doc. # 4).

14 On September 5, 2008, Plaintiff filed the Motion to Remand. Plaintiff requests that this
15 Court remand the action to state court on grounds that this Court lacks subject matter
16 jurisdiction and that Defendant's removal procedure was defective. Plaintiff also requests that
17 the Court order Defendant to pay Plaintiff's "costs & fees incurred as the result of removal,
18 as well as sanctions for [Defendant's] frivolous attempt at removal." *Mot. to Remand,* p. 6.

19 Defendant has not filed any opposition to the Motion to Remand.

## **Analysis**

21 Plaintiff contends that the Court does not have subject matter jurisdiction over this
22 action. Plaintiff contends that there is no federal question presented by Plaintiff's case because
23 Plaintiff's "claim is merely derived from a stat[e] statutory right to collect towing and lien fees
24 from [Defendant] and has no basis in federal law." *Mot. to Remand,* p. 4. Plaintiff contends
25 that "[w]here, as here, Plaintiff has alleged only state law claims, no grounds for removal
26 exists." *Id.* Plaintiff contends there is no diversity between the parties because, as alleged in
27 the Complaint, Defendant is a resident of the County of San Diego, State of California, and
28 Plaintiff is a business incorporated in and with its principal place of business in the County of

1  San Diego, State of California.  Plaintiff also contends that the amount in controversy does not
2  exceed $75,000.00 because Defendant has not alleged any amount in controversy in addition
3  to the $2,499.00 judgment against him that is at issue in this case.  Plaintiff further contends
4  that "[a] cursory review of the requirements for removal would and should have apprised
5  [Defendant] that he had no substantive or procedural basis for filing a notice of removal," and
6  that Defendant "prematurely and inappropriately filed a motion to quash and motion for
7  summary judgment before [Plaintiff] could even respond to the removal."  *Id.* at 6.  Plaintiff
8  requests that the Court order Defendant to pay Plaintiff's fees and costs incurred as the result
9  of removal, and impose "any additional amount in sanctions this Court feels appropriate."  *Id.*
10 at 6-7.

11       28 U.S.C. section 1441(a) provides that "any civil action brought in a State court of
12 which the district courts of the United States have original jurisdiction, may be removed by the
13 defendant or the defendants, to the district court of the United States for the district and
14 division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The district
15 courts have original jurisdiction over all civil actions arising under the Constitution, laws, or
16 treaties of the United States.  28 U.S.C. § 1331.  The district courts also have original
17 jurisdiction in cases in which the amount in controversy exceeds the sum or value of
18 $75,000.00 and the parties are citizens of different states.  28 U.S.C. § 1332.  Removal
19 jurisdiction is also proper in actions against federal officers or agencies sued or prosecuted, in
20 civil rights cases, and in foreclosure actions against the United States.  28 U.S.C. § 1442, 1443,
21 1444.

22       There is a "strong presumption against removal" such that the removing party "always
23 has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566
24 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of
25 removal in the first instance."  *Id.*

26       28 U.S.C. section 1447(c) provides that "[a]n order remanding the case may require
27 payment of just costs and any actual expenses, including attorney fees."  28 U.S.C. § 1447(c).
28 The "standard for awarding fees should turn on the reasonable basis for seeing removal."

*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

Defendant does not assert that the amount in controversy exceeds $75,000.00 or that either party is not a resident of California. Defendant has failed to establish diversity jurisdiction. Defendant does not assert that Plaintiff's claims, which assert the right to collect towing and lien fees from Defendant, arise under the Constitution, laws, or treaties of the United States. Defendant has failed to establish that the Complaint implicates a federal question. Defendant's assertion of a claim of relief "under special Maritime Extra-territory Jurisdictional Proceeding or some contract of Affreightment" is insufficient to satisfy Defendant's burden of establishing subject matter jurisdiction. Defendant does not assert any other valid basis for subject matter jurisdiction. The Court concludes that Defendant, as the removing party, has failed to meet his burden of establishing a valid basis for federal jurisdiction. The Court grants the Motion to Remand. The Court declines to exercise its discretion to award Defendant fees and costs, or to impose sanctions.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (Doc. # 6) is **GRANTED.** The above-captioned action is **REMANDED** to state court. All other pending motions in this action are **DENIED as moot.**

DATED: November 3, 2008

**WILLIAM Q. HAYES**
United States District Judge